FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 03, 2020

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN RONALD RICHMOND,<br><br>Defendant. | No. 2:17-CR-00091-LRS<br><br>ORDER DENYING MOTION FOR COMPASSIONATE RELEASE PURSUANT TO 18 U.S.C. § 3582 (c)(1)(A) |

BEFORE THE COURT is a Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A), ECF No. 72, from John Ronald Richmond. The Government was represented by Assistant U.S. Attorney Timothy Ohms. After the motion was filed *pro se*, attorney Jason Carr was appointed to represent Mr. Richmond. Oral argument was heard on October 15, 2020 and the Court, having reviewed the record, the parties' briefing, and the relevant authorities, is fully informed. For the reasons discussed below, Defendant's Motion for Compassionate Release, ECF No. 72 is DENIED.

## BACKGROUND

ORDER - 1

On May 5, 2017, Defendant was charged with Distribution of 50 Grams or more of a Substance Containing a Detectable Amount of Methamphetamine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(B)(viii).  ECF No. 1.  He was indicted for that charge on May 16, 2017.  ECF No. 22.  Defendant entered a guilty plea on August 8, 2017.  ECF No. 43.   On March 15, 2018, Defendant was sentenced to 72 months imprisonment and five years of supervised release.  ECF No. 66.  His projected release date is May 14, 2022.  *See* https://www.bop.gov/inmateloc/.

Defendant moves for a reduction in sentence because he contends his preexisting health issues are "life threatening" in light of the COVID-19 pandemic.  ECF No. 72 at 1.  He is 50 years old and has hypertension, hyperlipidemia, polyneuropathy, type 2 diabetes mellitus, and obesity.  ECF 72-1.  Defendant contends that FCI Lompoc, where he is located, is a COVID-19 "hotspot."  ECF No. 83 at 3.  Indeed, Defendant tested positive for COVID-19 in May 2020 and recovered.  ECF Nos. 72-1, 84 at 12-13 (sealed).  Defendant contends that he is not a danger to the community and his health and the health of those at FCI Lompoc would be safeguarded by his release.  ECF No. 83 at 4.

The Government argues that Defendant's medical condition is not an extraordinary and compelling circumstance justifying a reduction in sentence.  ECF No. 78.  The Government also argues that Defendant poses a risk to the public

ORDER - 2

due to the seriousness of his offenses and his criminal history and that his sentence was fully justified. ECF No. 78.

## DISCUSSION

**A.    Eligibility for Compassionate Release**

Federal courts have the statutory authority to modify an imposed term of imprisonment for two reasons: compassionate release under 18 U.S.C. § 3582(c)(1) or based on a change in the sentencing guidelines under 18 U.S.C. § 3582(c)(2). Until recently, motions for compassionate release could only be brought to the Court by the Director of the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2002). However, after the December 2018 passage of the First Step Act, defendants may now bring their own motions for compassionate release after exhausting administrative remedies within the Bureau of Prisons. 18 U.S.C. § 3582(c)(1)(A) (2018).

Attached to Defendant's motion is a memorandum indicating his request for a reduction in sentence was denied by the Bureau of Prisons. ECF No. 72-1 at1. The Government does not challenge Plaintiff's request on the basis of failing to exhaust administrative remedies. Accordingly, the Defendant's motion for compassionate release is properly before the Court.

A defendant may be eligible for compassionate release: (1) if the Court finds "extraordinary or compelling reasons" to warrant a sentence reduction; or (2) if the

ORDER - 3

defendant is at least 70 years old, has served at least 30 years in prison pursuant to a sentence imposed for the offense for which the defendant is currently imprisoned, and the defendant is determined not to pose a risk of danger to the community. 18 U.S.C. § 3582(c)(1)(A).  The Court should also consider the factors set forth in 18 U.S.C. § 3553, to the extent they are applicable.  18 U.S.C. § 3582(c)(1)(A).

Under either eligibility prong, the Court must also find that a sentence reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).  The Sentencing Guidelines instruct that the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release, and that the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

Defendant is not eligible for compassionate release under subsection (2) of 18 U.S.C. § 3582(c)(1)(A) because he is not 70 years old and has not served 30 years in prison.  Thus, the question before the Court is whether extraordinary and compelling reasons exist to grant Defendant's request for compassionate release.

**B.      Extraordinary and Compelling Reasons**

Defendant moves for compassionate release on the grounds that "extraordinary and compelling reasons" justify a sentence reduction.  ECF No. 72. The First Step Act did not define "extraordinary and compelling reasons"

ORDER - 4

warranting a sentence reduction, but the compassionate release statute directs the Court to consider the Sentencing Commission's policy statements when deciding compassionate release motions. 18 U.S.C. § 3582(c)(1)(A).

The Sentencing Commission's policy statement on sentence reduction mirrors the language of the compassionate release statute, but it has not yet been updated to reflect the procedural changes implemented by the First Step Act. U.S.S.G. § 1B1.13. Courts across the country have concluded that because the Sentencing Commission has not amended the Guidelines since the enactment of the First Step Act, they are not limited by the categories described in U.S.S.G. § 1B1.13 in determining whether extraordinary and compelling circumstances are presented justifying a reduction of sentence under 18 U.S.C. § 3582(c). *See, e.g.*, *United States v. Brooker*, 976 F.3d 228 (2nd Cir. September 25, 2020); *United States v. Parker*, 461 F. Supp.3d 966, at 978-79 (C.D. Cal. May 21, 2020) (collecting cases); *United States v. Rodriguez*, 424 F. Supp. 3d 674, 681 (N.D. Cal. 2019). At the same time, "[w]hile that particular policy statement has not yet been updated to reflect that defendants (and not just the [Bureau of Prisons ("BOP")]) may move for compassionate release, courts have universally turned to U.S.S.G. § 1B1.13 to provide guidance on the 'extraordinary and compelling reasons' that may warrant a sentence reduction." *United States v. McGraw*, No. 2:02-cr-00018-LJM-CMM, 2019 WL 2059488, at *2 (S.D. Ind. May 9, 2019) (gathering cases).

ORDER - 5

The sentence reduction policy statement outlines four categories of circumstances that may constitute "extraordinary and compelling reasons" for a sentence reduction: (1) the defendant suffers from a medical condition that is terminal or substantially diminishes the defendant's ability to provide self-care in a correctional environment; (2) the defendant is at least 65 years old, is experiencing a serious deterioration in health due to the aging process, and has served at least 10 years or 75% of his or her term of imprisonment; (3) family circumstances involving the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner; or (4) other reasons, other than or in combination with the other listed circumstances, that are extraordinary and compelling. U.S.S.G. § 1B1.13, Application Note 1.

Defendant's petition is based upon the argument that his medical conditions create a risk of complications if he re-contracts COVID-19. ECF No. 83 at 9. At oral argument, he also alleged for the first time that his ability to treat his type two diabetes is compromised in prison.

The COVID-19 pandemic is not by itself an extraordinary and compelling reason to grant relief. While Defendant is understandably concerned about the risk of infection or reinfection, a general fear of a virus which exists throughout society is not sufficiently extraordinary or compelling under the criteria set forth in the Sentencing Commission's policy statement on compassionate release or on general

ORDER - 6

principles.  *United States v. Eberhart*, No. 13-CR-00313-PJH-1, 2020 WL 1450745, at *2 (N.D. Cal. Mar. 25, 2020); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020)  ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release, especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread.")

Defendant contends that FCI Lompoc, where he is located, is a COVID-19 "hotspot."  ECF No. 83 at 3.  Indeed, at FCC Lompoc,[1] by May 11, 2020, nearly 1,000 inmates had tested positive for COVID-19, and two had died.  *See* U.S. Dep't of Justice, Office of the Inspector General, Pandemic Response Report 20-086, *Remote Inspection of Federal Correctional Complex Lompoc* (July 2020), https://oig.justice.gov/sites/default/files/reports/20-086_0.pdf.  Defendant submitted the September 25, 2020 report of Dr. Homer Venters who conducted a COVID-19 inspection of Bureau of Prisons facilities at Lompoc pursuant to order of the U.S. District Court of the Central District of California.  ECF No. 86.  Dr. Venters identified some strengths, noted numerous deficiencies, and made recommendations for improved management of COVID-19 at Lompoc.  ECF No. 86.  As of November 3, 2020, the Bureau of Prisons reports that FCI Lompoc has

---

[1] Bureau of Prisons facilities at Lompoc include FCI Lompoc and USP Lompoc.

ORDER - 7

zero confirmed active cases of COVID-19 among inmates and three confirmed active cases among staff.[2]  See Federal Bureau of Prisons, *Covid-19* https://www.bop.gov/coronavirus/.   While FCI Lompoc was a COVID-19 "hotspot" earlier in the pandemic, the current infection rate suggests management of the virus has improved significantly.

Additionally, the Government argues that Defendant's risk of serious complications from the COVID-19 virus is mitigated by the fact that Defendant has already recovered from infection with the virus.  ECF No. 78 at 12.  Defendant's medical records indicate a positive test for COVID-19 on May 7, 2020, and daily follow up through May 21 indicates that Defendant reported no symptoms.  ECF No. 84 at 12-13, 66.  The Defendant contends the positive test result is suspect and, even if Defendant was previously infected, studies show that reinfection is possible.  ECF No. 83 at 10-13; ECF No. 93.  The Court notes that scientific data and conclusions regarding COVID-19 antibodies and reinfection rates is developing, but there is at least some risk of reinfection.  Notwithstanding,

---

[2] As of October 26, 2020, FCI Lompoc had tested 954 inmates for COVID-19, with 741 positive cases, of which 739 were reported to have recovered and two inmates died.  See Federal Bureau of Prisons, *Covid-19*, https://www.bop.gov/coronavirus/.

ORDER - 8

the analysis regarding reinfection is the same as the risk of infection from COVID-19 generally.

As to Defendant's physical condition, the Court concludes that Defendant has not shown that his type two diabetes and other ailments create an extraordinary and compelling reason for release or modification of his sentence. The CDC indicates that adults with type two diabetes mellitus, obesity, and hypertension are at increased risk of serious illness from COVID-19. Center for Disease Control and Prevention, Coronarvirus Disease 2019 (COVID-19), *People with Certain Medical Conditions* (November 3, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited October 27, 2020). However, given the fact that there are no confirmed active cases of COVID-19 at FCI Lompoc, as of the date noted, these health conditions do not rise to extraordinary or compelling circumstances.

Defendant alleged for the first time at oral argument and in a post-oral argument filing that the care and treatment of his diabetes is inadequate. ECF No. 93-1. None of the medical records submitted indicate that Defendant has been hospitalized or otherwise documents complications from diabetes. ECF Nos. 72-1, 84. Medical records from January 1, 2020 to August 11, 2020 indicate that Defendant's blood sugar levels are tested regularly and that he is prescribed insulin. ECF No. 84 at 45-64. During a May 2020 exam, Defendant denied

ORDER - 9

fatigue, tiredness, and blurred vision and his diabetic foot exam was normal. ECF No. 84 at 1. He was counseled regarding noncompliance. ECF No. 84 at 2, 4. Furthermore, the Court notes that there is no indication that Defendant has complained about diabetic symptoms, requested a different treatment regimen, or filed a grievance regarding inadequate treatment. As such, the Court does not find sufficient evidence that Defendant's ability to provide self-care is substantially diminished.

For these reasons, in this case, there is no extraordinary and compelling reason for a reduction in sentence.

**C.    18 U.S.C. § 3553 Factors and Danger to Community**

Under 18 U.S.C. § 3582(c)(1)(A) and the Sentencing Commission policy statement, the Court should consider the sentencing factors set forth in 18 U.S.C. § 3553(a) when deciding a motion for compassionate release. Additionally, the Court should not grant a sentence reduction if the defendant poses a risk of danger to the community, as defined in the Bail Reform Act. U.S.S.G. § 1B1.13.

*1.    Section 3553(a)*

Even if Defendant had shown that extraordinary and compelling reasons exist to warrant a reduction in sentence, the Court does not find that the § 3553(a) factors support a reduction in sentence. At the time of the original sentencing, the Court fully considered those factors and imposed a sentence that was sufficient but

ORDER - 10

not greater than necessary to comply with and fulfill the goals of sentencing. It is noted that the factors cited by Defendant in his favor such as no prior felonies and Defendant's presentence release and self-surrender, ECF No. 83 at 23-24, were considered by the Court at his original sentencing when the Court deviated from the guideline provisions of 140-175 months imprisonment and imposed the mandatory minimum sentence of 72-months imprisonment. ECF Nos. 60, 66. Defendant has served less than four years of that sentence and has a projected release date of May 2022.

The sentence imposed by the Court was "sufficient, but not greater than necessary," to comply with the purposes of § 3553(a), including to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, and to afford adequate deterrence to this criminal conduct. The Court has again fully considered the § 3553 factors and finds the sentence imposed remains sufficient but not greater than necessary to comply with the purposes of sentencing.

*2. Danger to Any Person and the Community Under 18 U.S.C. § 3142(g)*

Defendant suggests he is not a danger to the community because, despite a "voluminous" criminal history, it is "mostly" traffic and petty theft offenses due to a methamphetamine addiction. ECF No. 83 at 22. The Government also notes Defendant's extensive criminal history and argues it demonstrates a "general

ORDER - 11

disregard for the rule of law." The Government notes 61 warrants for failure to appear and/or comply, repeated efforts to flee from law enforcement, and offenses such as trespass, attempting to elude, possession or manufacture of burglary tools, malicious mischief, and money laundering. ECF No. 78 at 18 (citing ECF No. 60). Even if extraordinary and compelling reasons did exist warranting consideration of a reduced sentence, the Court is not convinced that Defendant is not a danger to the community.

## CONCLUSION

The Court concludes that that extraordinary and compelling reasons warranting a reduction do not exist and therefore declines to exercise its discretion to reduce Defendant's sentence.

Accordingly, Defendant's Motion Seeking Reduction in Sentence Due to Compelling and Extraordinary Circumstances Pursuant to 18 U.S.C. § 3582(c)(1)(A), **ECF No. 72**, is **DENIED.**

**IT IS SO ORDERED**. The District Court Clerk is directed to enter this Order and provide copies to the U.S. Attorney and counsel.

**DATED** November 3, 2020.

_____
LONNY R. SUKO
Senior United States District Judge

ORDER - 12