PROB 12C  
(6/16)

Report Date: March 13, 2025

# United States District Court

### for the

### Eastern District of Washington

FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Mar 13, 2025

SEAN F. McAVOY, CLERK

### Petition for Warrant or Summons for Offender Under Supervision

| | |
|---|---|
| Name of Offender: John Ronald Richmond | Case Number: 0980 2:17CR00091-LRS-1 |
| Address of Offender: ▇▇▇▇▇▇▇▇▇▇▇▇▇ Spokane, Washington 99208 | |

Name of Sentencing Judicial Officer:  The Honorable Lonny R. Suko, Senior U.S. District Judge

Date of Original Sentence: March 14, 2018

| | |
|---|---|
| Original Offense: | Distribution of 50 Grams or More of a Mixture or Substance Containing a Detectable Amount of Methamphetamine, 21 U.S.C. § 841(a)(1), (b)(1)(b)(viii) |
| Original Sentence: | Prison - 72 months<br>TSR - 60 months |
| | Type of Supervision: Supervised Release |
| Revocation Sentence:<br>(March 2, 2023) | Prison - 7 months<br>TSR - 60 months |
| Asst. U.S. Attorney: | Earl Allan Hicks |
| | Date Supervision Commenced: July 21, 2023 |
| Defense Attorney: | Carter Liam Powers Beggs |
| | Date Supervision Expires: July 20, 2028 |

### PETITIONING THE COURT

To issue a **warrant** and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court on 07/03/2024, 07/30/2024, and 12/04/2024.

On July 28, 2023, an officer with the U.S. Probation Office in Spokane, Washington, reviewed a copy of the conditions of supervision with Mr. Richmond, as outlined in the judgement and sentence.  He signed a copy acknowledging the requirements.

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 8 | **Standard Condition #2**:  After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.<br><br>**Supporting Evidence**:  During February 2025, John Richmond allegedly violated standard condition number 2 by failing to report to the probation officer as instructed.<br><br>On July 3, 2024, this officer submitted the first violation petition in the series of violation petitions that are currently pending adjudication.  Because Mr. Richmond has pending violations, he was instructed to report to the assigned probation officer on a biweekly basis. |

        During the month of February 2025, the offender made no attempt to call or text this officer, nor did he attempt to report to the probation office to check-in. As such, the undersigned officer contacted Mr. Richmond on February 25, 2025, who claimed that he had "forgot."

9        **Special Condition #6**: You must abstain from the use of illegal controlled substances, and must submit to urinalysis and sweat patch testing, as directed by the supervising officer, but no more than 6 tests per month, in order to confirm continued abstinence from these substances.

        **Supporting Evidence**: On or about February 21, 2025, John Richmond allegedly violated special condition number 6 by consuming methamphetamine.

        On February 25, 2025, this officer contacted the offender, after he failed to check-in with the undersigned as instructed. He was instructed to report to the U.S. Probation Office for random urinalysis testing, but responded he had just been subject to phase urinalysis testing at Pioneer Human Services (PHS) the week prior, on February 21, 2025. This officer explained that an individual under supervision can be subject to random urinalysis testing more than once in a single week, and the instruction to report was reiterated.

        Mr. Richmond requested to report for testing at the end of the day, at 4:10 p.m. to be exact, so that he could work "a full day." In an effort to be considerate of both the offender and his employer, that request was approved.

        Later that same date, at 3:50 p.m., Mr. Richmond reported to the U.S. Probation Office and was subject to random urinalysis testing. He provided a urine sample that was presumptive positive for methamphetamine. The offender claimed that he only "took one hit" of methamphetamine on or about February 21, 2025, and he signed an admission of use form confirming that use.

        It should be noted, the male probation officer who supervised the collection of that urine sample opined that Mr. Richmond may have attempted to flush his system, as the urine sample was an unusually bright yellow color.

10        **Standard Condition #2**: After initially reporting to the probation office, you will receive instructions from the Court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.

        **Supporting Evidence**: On March 11, 2025, John Richmond allegedly violated standard condition number 2 by failing to report to the probation officer as instructed.

        On the morning of March 11, 2025, the undersigned attempted to contact Mr. Richmond, to instruct him to report to the probation office for random urinalysis testing, but he did not answer. As such, this officer sent the offender a text message with instructions to report to the U.S. Probation Office by 12 p.m. that date.

        Later that afternoon, at 3:57 p.m., this officer received a text message from the offender that read: "Hi, Amber is a John Richman. I've had the flu I have Ben at my girlfriends house in deep park I can come in now."

Prob12C
**Re: Richmond, John Ronald**
**March 13, 2025**
**Page 3**

    Shortly before closing on March 11, 2025, at 4:47 p.m., the undersigned called the offender to see if he would be arriving to the probation office soon. He claimed he had not tried to report because he believed that the U.S. Probation Office closed at 4 p.m. This officer did although remind Mr. Richmond that just 2 weeks prior, on February 25, 2025, he requested to report at 4:10 p.m. for random urinalysis testing, which he did. That suggests to this officer that Mr. Richmond was well aware of the probation office's hours of operation, which can also be found online.

11    **Special Condition #5**: You must undergo a substance abuse evaluation and, if indicated by a licensed/certified treatment provider, enter into and successfully complete an approved substance abuse treatment program, which could include inpatient treatment and aftercare upon further order of the Court. You must contribute to the cost of treatment according to your ability to pay. You must allow full reciprocal disclosure between the supervising officer and treatment provider.

    **Supporting Evidence**: During February 2025, John Richmond allegedly violated special condition number 5 by failing to engage in substance abuse treatment as required.

    On March 12, 2025, this officer contacted the offender's treatment provider with Riverside Recovery, where he is currently engaged in an intensive outpatient (IOP) substance abuse treatment program. The provider informed the undersigned that as an element of IOP treatment, Mr. Richmond must attend 12 treatment sessions each month. During February 2025, he only attended two sessions; as such, the offender is considered to be noncompliant.

12    **Special Condition #2**: You must complete a mental health evaluation and follow any treatment recommendations of the evaluating professional which do not require forced or psychotropic medication and/or inpatient confinement, absent further order of the Court. You must allow reciprocal release of information between the supervising officer and treatment provider. You must contribute to the cost of treatment according to your ability to pay.

    **Supporting Evidence**: During February 2025, John Richmond allegedly violated special condition number 5 by failing to engage in mental health treatment as required.

    On March 12, 2025, this officer received notification from Riverside Recovery that Mr. Richmond did not attend a single mental health session with the CHAS Clinic in February 2025. According to the information received, the offender has not attended a mental health session since January 29, 2025.

The U.S. Probation Office respectfully recommends the Court to **issue a warrant** and incorporate the violations contained in this petition in future proceedings with the violations previously reported to the Court.

    I declare under penalty of perjury that the foregoing is true and correct.

    Executed on: 03/13/2025

           s/Amber M.K. Andrade

           Amber M.K. Andrade
           U.S. Probation Officer

Prob12C
**Re: Richmond, John Ronald**
**March 13, 2025**
**Page 4**

THE COURT ORDERS

[ ]  No Action
[✓] The Issuance of a Warrant
[ ]  The Issuance of a Summons
[✓] The incorporation of the violation(s) contained in this petition with the other violations pending before the Court.
[ ]  Defendant to appear before the Judge assigned to the case.
[✓] Defendant to appear before the Magistrate Judge.
[ ]  Other

_____
Signature of Judicial Officer

_____
Date